IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PLANTATION PRODUCTS, INC.,   :   No. 03cv338
                             :
                  Plaintiff   :   Judge Jones
        v.                    :
                             :
AMERICAN SEED COMPANY,        :
                             :
                  Defendant.  :

## MEMORANDUM AND ORDER

April 29, 2005

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is a Motion in Limine (doc. 57) filed by Defendant American Seed Company ("Defendant") for a ruling as to the admissibility of certain evidence which Plaintiff Plantation Products, Inc. ("Plaintiff") may rely upon in support of its case at trial.  We also have before us two Motions in Limine filed by Plaintiff.  The first is a Motion in Limine to Preclude Evidence of Plaintiff's Sale of Products Not Marketed Under the "American Seed" Trademark (doc. 59) and the second is a Motion in Limine to Preclude the Introduction of Evidence Concerning Defendant's Expenses (doc. 60).

For the reasons that follow, we will deny Defendant's Motion in Limine Seeking to Exclude Certain Evidence which Plaintiff may rely upon in support of

1

its case at trial, we will grant Plaintiff's Motion in Limine to Preclude Evidence of

Plaintiff's Sale of Products Not Marketed Under the "American Seed" Trademark,

and Plaintiff's Motion in Limine to Preclude Introduction of Evidence Concerning

Defendant's Expenses is deemed to be withdrawn.

## DISCUSSION:

     **A.**     **Defendant's Motion in Limine for a Ruling as to the Admissibility of Certain Evidence which Plaintiff May Rely Upon in Support of its Case at Trial**

In its Motion, Defendant moves the Court for a ruling as to the admissibility

of certain evidence which Plaintiff may rely upon in support of its case at trial.

(See Rec. Doc. 57). Defendant's Motion concerns instances of actual confusion,

including emails posted on Defendant's website, allegedly evidencing actual

confusion between the parties, and Plaintiff's witnesses identified to testify at trial.

Regarding Plaintiff's witnesses identified to testify at trial, Defendant argues that

Plaintiff should be prohibited from using, offering testimony about, offering into

evidence, relying upon and/or referring to witnesses and alleged instances of actual

confusion not previously identified to Defendant during the discovery period, when

such witnesses and alleged instances were unseasonably disclosed. (See Rec. Doc.

58 at 8).

During a telephonic conference with the Court held on April 22, 2005, it

appeared to the Court that the parties have resolved any dispute that previously

existed concerning the disclosure of witnesses.  While there may be an issue

involving the scope of a specific witness's testimony, that issue is not currently

before the Court and we are therefore unable to rule on it.  We will accordingly

focus this narrative on the instances of "actual confusion."

First, Defendant asserts that the types of alleged confusion cited by Plaintiff

are de minimis and therefore insignificant for purposes of establishing a likelihood

of confusion.  "Even if all ten instances cited by Plaintiff during and after the

discovery period are found to be worthy of inclusion in the actual confusion

analysis, the types of confusion cited by Plaintiff are clearly not the sort that

bolster a trademark owner's likelihood of confusion case."  See id.  After a careful

review of the record, we are in agreement with Plaintiff that it is for the jury to

determine the appropriate weight to give the evidence at issue.  We therefore do

not find that the type of alleged confusion cited by Plaintiff is de minimis and

accordingly insignificant for purposes of establishing a likelihood of confusion in

the case sub judice.

Second, Defendant argues that many of the instances cites by Plaintiff

cannot be substantiated due to their hearsay nature.  Defendant contends that the

original alleged instances of actual confusion identified in Plaintiff's Initial

Responses to Defendant's First Set of Interrogatories on November 13, 2003

consist solely of misdirected e-mails, which are inadmissible hearsay and should be

excluded from evidence.  See id. at 12.  Moreover, Defendant asserts that the two

additional alleged instances of actual confusion cited by Plaintiff in its

Supplemental Responses involve a statement made by Plaintiff's employee,

without any evidence to support the statement, and a phone call allegedly received

by Plaintiff.  Id. at 12-13.  Defendant maintains that courts have often rejected this

type of employee testimony as unreliable hearsay, given its interested source and

its failure to permit cross-examination of the customer, sender or caller as to the

reason for the confusion.  Id. at 12-13.

        Initially, we note that Defendant does not appear to contest the fact that the

e-mails at issue were posted on Defendant's website or that the "site owner"

responding to the e-mails was not a proper representative, employee, or agent of

the Defendant.  Defendant states that of the seventeen substantive, non-duplicative

e-mails posted on Defendant's website, "only nine could be considered the e-mails

even arguably referring to Plaintiff."  Id. at 5.  Based upon the documentation

provided to the Court, it appears that customers would provide information on

Defendant's website including, but not limited to feedback concerning a product

purchased and the "site owner" would provide a response and the date of response

4

on the website.  (See Rec. Doc. 64 at Ex. 1).   After a review of the nine e-mails in

question, it is readily apparent to the Court that a majority of the site owner

responses to the afore-referenced e-mails state that Defendant is "reasonably sure"

that the product in question was purchased from "Plantation Products in Norton

Mass.  Phone # is (508) 285-5800 or web site www.plantationproducts.com."  See

id.  A representative, employee, or agent of Defendant, the American Seed

Company website owner, therefore viewed the individual e-mails as though they

were sent to the wrong party, the Defendant, instead of to the Plaintiff because the

products referenced in the e-mails were not purchased from the Defendant.  It is

our view that once Defendant's representative, employee, or agent rendered a

response to the e-mails and directed the individual(s) to contact Plaintiff by

providing specific contact information, including Plaintiff's phone number and

web-site, Defendant removed itself from the hearsay analysis in this case.  The

responses are admissions on the part of the Defendant site owner(s) pursuant to

Federal Rule of Evidence ("Fed.R.Evid.") 801(d)(2).[1]  The statements are therefore

---

[1] A statement is not hearsay if:
> The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or...(C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.

Fed.R.Evid. 801(d)(2).

not excludable hearsay.[2]

Lastly, we will discuss the two additional alleged instances of actual confusion cited by Plaintiff in its Supplemental Responses involving William Curley and a conversation between David Sbordon and Ken Young.  These two additional instances of alleged actual confusion involved William Curley and a third-party inquiry by Ken Young, a buyer for Wal-Mart to Plaintiff's employee, David Sbordon.  Defendant asserts that the above-referenced incidents do not in and of themselves mean that the sender of the communication was confused between the two parties and that many other reasons are likely to blame for the misdirection.  (See Rec. Doc. 58 at 13).  In its brief opposing Defendant's Motion, Plaintiff argues that Mr. Curley contacted the Defendant, trying to discuss seeds sold by the Plaintiff and that there is no way to describe the situation other than that it indicates confusion.  (See Rec. Doc. 64 at 11-12).  Additionally, Plaintiff contends that Mr. Young asked Mr. Sbordon, Plaintiff's employee, why it published e-mail complaints on its website, which the Plaintiff does not do, allegedly demonstrating that Mr. Young was confused as to which entity, the Plaintiff or the Defendant, operated the www.americanseedco.com website.  Id. at

_____

[2] Inasmuch as we have concluded that the e-mails at issue are not excludable hearsay, we do not reach the question of whether these e-mails are relevant pursuant to Fed.R.Evid. 401 and 402.

12.

We agree with Defendant to the extent that it argues that the above-mentioned instances of alleged actual confusion do not in and of themselves mean that the sender of the communication was confused between the two parties; however, we find that the above instances of alleged actual confusion are probative relative to the issues of actual confusion, as well as likelihood of confusion and further find that it is for the jury to determine the appropriate weight to give the evidence at issue at trial.

Accordingly, Defendant's Motion in Limine seeking to exclude certain evidence which Plaintiff may rely upon in support of its case at trial is denied.

**B.    Plaintiff's Motion in Limine to Preclude Evidence of Plaintiff's Sale of Products Not Marketed Under the "American Seed" Trademark**

In its Motion, Plaintiff moves for an order precluding Defendant from introducing evidence at trial of Plaintiff's sale of products not marketed under the "American Seed" trademark.  (<u>See</u> Rec. Doc. 59).  Plaintiff explains that this matter involves the claim that Defendant's use of the designations "American Seed" and "American Seed Company" infringe upon Plaintiff's rights in its "American Seed" trademark.  In addition to its sale of seeds under the trademark "American Seed," Plaintiff states that it sells products under a variety of other

trademarks including the following: "Plantation," "Plantation Products," and "Gardener's Delight." Id. at ¶ 2. Plaintiff asserts that its sale of products other than those sold under the "American Seed" mark far exceed $10,000; however, the sale of products under the "American Seed" mark is a mere fraction of that amount. Id.

Plaintiff therefore contends that its sale of products under marks other than "American Seed," as well as the revenue derived from such sales, is completely irrelevant to this dispute and has no probative value concerning the primary issue at trial, whether Defendant's use of the designations "American Seed" and "American Seed Company" infringe upon Plaintiff's rights in its "American Seed" trademark. Id. at ¶ 3. "Plaintiff is concerned that defendant will attempt to introduce evidence of the plaintiff's total sales (including products unrelated to American Seed) as compared to defendant's allegedly paltry sales in an effort to portray this case as a 'David v. Goliath' dispute." Id. at ¶ 4.

Although Plaintiff points to Fed.R.Evid. 401 and 402 in support of its Motion, we note that pursuant to Fed.R.Evid. 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. After consideration of

this Motion, we find that unless and until Defendant can make a showing that Plaintiff's sale of products not marketed under the "American Seed" trademark is both relevant pursuant to Fed.R.Evid. 401[3] and has probative value pursuant to Fed.R.Evid. 403, we see no reason as to why Defendant should be permitted to introduce the above-referenced information at issue at trial. Inasmuch as the afore-mentioned information does not appear to help the jury resolve a dispute in issue, but may in fact be prejudicial to Plaintiff, and in addition that it appears to lack probative value, we find that absent a proper showing at trial, Defendant is precluded from introducing evidence of Plaintiff's sale of products not marketed under the "American Seed" trademark at trial. If Defendant is able to make such a showing at trial in this case, we will re-visit this issue at that juncture.

Accordingly, Plaintiff's Motion in Limine to Preclude Evidence of Plaintiff's Sale of Products Not Marketed Under the "American Seed" Trademark is granted.

### C.   Plaintiff's Motion in Limine to Preclude the Introduction of Evidence Concerning Defendant's Expenses

In its Motion, Plaintiff moves for an order precluding Defendant from introducing any evidence concerning the expenses it has incurred marketing its

---

[3] Pursuant to Fed.R.Evid. 401, relevant evidence means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

goods under the designation "American Seed" and/or "American Seed Company." (See Rec. Doc. 60). During a telephonic conference with the Court held on April 22, 2005, Plaintiff's counsel indicated that the above-referenced Motion was withdrawn.

Therefore, Plaintiff's Motion in Limine to Preclude Introduction of Evidence Concerning Defendant's Expenses is deemed to be withdrawn.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant's Motion in Limine Seeking to Exclude Certain Evidence which Plaintiff may Rely upon in Support of its Case at Trial (doc. 57) is DENIED.

2. Plaintiff's Motion in Limine to Preclude Evidence of Plaintiff's Sale of Products Not Marketed Under the "American Seed" Trademark (doc. 59) is GRANTED.

3. Plaintiff's Motion in Limine to Preclude Introduction of Evidence Concerning Defendant's Expenses (doc. 60) is deemed withdrawn.

s/ John E. Jones III
John E. Jones III
United States District Judge