IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PLANTATION PRODUCTS, INC., | : | No. 03cv338 |
| | : | |
| Plaintiff | : | Judge Jones |
| v. | : | |
| | : | |
| AMERICAN SEED COMPANY, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

November 18, 2005

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court are the following motions filed by Plaintiff

Plantation Products, Inc. ("Plaintiff" or "Plantation"), a Motion for New Trial (doc.

103), a Motion for Judgment as a Matter of Law (doc. 102), and a Motion for

Award of Attorneys' Fees and Costs as a Result of Fraud on the Court (doc. 104)

on May 23, 2005.  We held oral argument on the pending Motions on September

20, 2005.  The Motions are therefore ripe for disposition.

For the reasons that follow, the Motions will be denied.

## PROCEDURAL HISTORY & STATEMENT OF FACTS:

The facts of this case are well known to the parties and we will only briefly

restate them here.

1

On September 5, 2002, Plaintiff filed a complaint in the United States District Court of Massachusetts against Defendant American Seed Company ("Defendant" or "American Seed").  The case was transferred to the United States District Court for the Middle District of Pennsylvania by Order of February 3, 2003.  On August 11, 2003, Plaintiff filed an amended complaint alleging unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), and common law; false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); dilution under the Lanham Act, 15 U.S.C. § 1125(c); dilution under 54 Pa.Cons.Stat. § 1124; and trademark infringement pursuant to 54 Pa.Cons.Stat. § 1125.

Following a jury trial held in the United States District Court for the Middle District of Pennsylvania from May 9, 2005 until May 11, 2005 a unanimous verdict was returned in the Defendant's favor.  The jury responded via the verdict form that they did not find by a preponderance of the evidence that Plaintiff owns a trademark in the words "American Seed."

Subsequent to the entry of judgment, Plaintiff filed the instant Motions seeking a new trial, judgment as a matter of law, and an award of attorneys' fees and costs as a result of its contention that a fraud had been perpetrated on the Court.

**<u>STANDARD OF REVIEW</u>:**

Our inquiry begins with the appropriate Federal Rule of Civil Procedure.

Rule 50 provides a basis for a party to renew after the jury's verdict its previously

filed motion for judgment as a matter of law.  In relevant part, it provides:

(b)     Renewing Motion for Judgment After Trial; Alternative Motion for

New Trial; Conditional Rulings.

> If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment -- and may alternatively request a new trial or join a motion for a new trial under Rule 59. In ruling on a renewed motion, the court may:
>
> (1) if a verdict was returned:
>
>> (A) allow the judgment to stand,
>>
>> (B) order a new trial, or
>>
>> (C) direct entry of judgment as a matter of law;

Fed.R.Civ.P. 50(b).

Rule 59 provides a basis for determining whether a new trial is appropriate.

In relevant part, it provides:

(a) Grounds.

3

> A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; ....

(b) Time for Motion.

> Any motion for a new trial shall be filed no later than 10 days after entry of the judgment.

...

(e) Motion to Alter or Amend a Judgment.

> Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

Fed.R.Civ.P. 59.

When resolving a motion for a new trial, "where a contention for a new trial is based on the admissibility of evidence, the 'trial court has great discretion.'" Link v. Mercedes-Benz of North America, Inc., 788 F.2d 918, 921-22 (3d Cir. 1986) (quoting Kane v. Ford Motor Co., 450 F.2d 315, 316 (3d Cir. 1971)). Conversely, if a motion requests a new trial because the verdict was against the weight of the evidence, our discretion is much narrower.  In such a situation, we may only grant a new trial when the jury's verdict resulted in a miscarriage of justice, or where the verdict "cries out to be overturned or shocks the conscience." Williamson v. CONRAIL, 926 F.2d 1344, 1353 (3d Cir. 1991).

**DISCUSSION:**

### A.    Motions for a New Trial and Judgment as a Matter of Law[1]

In the Motion for New Trial, Plaintiff argues that the jury's verdict, that it does not own a trademark in the words "American Seed," is contrary to the weight of the evidence.  (Pl.'s Mot. New Trial at ¶ 3).  In both Motions, Plaintiff asserts that "First of all, the jury heard and saw overwhelming and uncontroverted evidence that Plantation has used the words 'American Seed' as a trademark for the sale of seed packets and other products continuously throughout the United States since the spring of 1991.  Similarly, the jury heard substantial, unrebutted evidence of American Seed Corporation's use of the words 'American Seed' as a trademark in connection with the sale of seed packets continuously from the 1960s through 1991."  Id.  Plaintiff maintains that the great weight of the trial evidence supports the conclusion that the assignment from American Seed Corporation to Plantation was valid and effective.  Plaintiff asserts that a determination that American Seed Corporation and/or Plantation failed to develop secondary meaning in the "American Seed" mark before it actually began doing business as "American Seed Company" would be contrary to the weight of the evidence adduced at trial.

---

[1] Although Plaintiff filed two separate post-trial motions, a Motion for Judgment as a Matter of Law and a Motion for a New Trial, one supporting brief was filed, to which Defendant filed one response.  We will therefore consider these two post-trial motions together.

Finally, Plaintiff contends that it would be a miscarriage of justice for the jury's verdict to stand as it is not only contrary to the weight of the evidence, but it reveals the jury's confusion, as well as  the "undue pressure the jury exerted upon itself to reach <u>any</u> verdict as quickly as possible."  <u>Id.</u> ¶ 6 (emphasis in original).

After a careful review of the record and for the reasons that follow, we are in agreement with the Defendant that a new trial should not be granted as the jury's verdict was supported by substantial evidence, did not result in a miscarriage of justice, and the verdict does not "cr[y] out to be overturned or shocks the conscience."  <u>See</u> <u>Williamson</u>, 926 F.2d at 1353.  In addition, judgment as a matter of law is not warranted in this case as the jury's verdict was not contrary to the weight of the evidence and there was sufficient evidence at trial from which a reasonable jury could conclude that Plantation does not own a trademark in the words "American Seed."

In the jury instructions, the Court explained that on Plaintiff's claim for trademark infringement, Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence: "(1) the term 'American Seed' is a valid, protectible trademark; (2) Plaintiff owns 'American Seed' as a trademark; and (3) the Defendant used the name 'American Seed' and/or 'American Seed Company' without the consent of the Plaintiff in a manner that is likely to cause

confusion among ordinary purchasers as to the source of the goods." (Jury Instructions at 17, May 11, 2005). In explaining the aforementioned elements to the jury in detail, the Court stated that as to the first two elements, Plaintiff must prove by a preponderance of the evidence that "American Seed" is a valid trademark, and that Plaintiff owns "American Seed" as a trademark. The Court went on to say that a valid trademark is a word, symbol, or device that is either inherently distinctive or descriptive, but has acquired a secondary meaning. Id. at 19. Plaintiff indicates in its submission that it does not claim, in connection with its two post-trial motions that "American Seed" is inherently distinctive, but claims "that the overwhelming, uncontroverted evidence demonstrates that the mark has developed a secondary meaning." (Pl.'s Br. Supp. Mot. Judgment Matter Law at 7, n.1). We will therefore focus this narrative on the issue of secondary meaning.

Plantation had the burden of proving secondary meaning at the time American Seed Company began doing business. Scott Paper Co. v. Scott's Liquid Gold, Inc., 589 F.2d 1225, 1231 (3d Cir. 1978); see also Trans Pacific Ins. Co. v. Trans-Pacific Ins. Co., 739 F. Supp. 240, 244 (E.D. Pa. 1990). "Priority depends not upon which mark succeeds in first obtaining secondary meaning but upon whether the plaintiff can prove by a preponderance of the evidence that his mark possessed secondary meaning at the time the defendant commenced his use of the

mark." <u>Scott Paper Co.</u>, 589 F.2d at 1231.  In support thereof, Plantation argues

that because it submitted evidence that American Seed Corporation sold millions

of seed packets from 1968 to 1991 and that employees of American Seed

Corporation and Plantation saw the packets nationwide, that as a matter of law, the

words "American Seed" had developed secondary meaning before American Seed

Company began doing business in 1991.  Plantation also asserts that it submitted

evidence of eight of the eleven <u>Ford Motor</u> secondary meaning factors.[2]  <u>See Ford

Motor Co. v. Summit Motor Products, Inc.</u>, 930 F.2d 277, 292 (3d Cir. 1991).

Initially, we note that the jury instructions made clear that the jurors were to

consider eleven secondary meaning factors, although as noted, evidence was

introduced with regard to eight of the factors.  Quite obviously, the Court does not

and cannot know the respective weight that the jury placed upon any one or more

of those factors in reaching its verdict.  It would thus be pure speculation under the

circumstances to attempt to ascertain what the determinative secondary meaning

factors were in the eyes of the jury.

After thoroughly reviewing the record, we do not find that Plaintiff

---

[2] The <u>Ford Motor</u> secondary meaning are a non-exclusive list of factors which include the following: the extent of sales and advertising leading to buyer association; the length of use; the exclusivity of use; the fact of copying; customer surveys; customer testimony; the use of the mark in trade journals; the size of the company; the number of sales; the number of customers; and actual confusion.  <u>Ford Motor</u>, 930 F.2d at 292.

presented an abundance of unrebutted testimony as to eight of the eleven aforestated <u>Ford</u> <u>Motor</u> factors which as noted were colorably "in play" here.  For example, regarding the exclusivity of use factor, the evidence at trial revealed that Plantation is a member of the American Seed Trade Association and that an entity known as Golden Valley Seed uses the mark "AS American Seed" in connection with seed.  Although Plantation argues that "the jury heard uncontroverted evidence that American Seed Corporation and Plantation were virtually the exclusive users of the mark 'American Seed' for the sale of seeds in small packages until ASC began operations under the name 'American Seed Company,'" as a result of the use of the mark by Golden Valley Seed we find that it was certainly reasonable for the jury not to necessarily weigh this factor in favor of Plantation.

Moreover, and as noted, although Plantation submitted evidence at trial of some of the <u>Ford</u> <u>Motor</u> secondary meaning factors, it did not offer evidence on all factors.  Significantly, there was a lack of testimony regarding whether the consuming public associated the words "American Seed" with American Seed Corporation at the time American Seed Company began doing business in March 1991.  Additionally, Defendant accurately submits that Plantation did not offer evidence that it copied the mark from American Seed Corporation, nor did it

provide any evidence of actual confusion between American Seed Company and American Seed Corporation at the time American Seed Company began doing business in March 1991.

Accordingly, it was reasonable for the jury, after considering the <u>Ford</u> <u>Motor</u> factors and weighing all of the evidence presented at trial, to conclude that American Seed Corporation had not established secondary meaning in the words "American Seed" before American Seed Company began doing business in March 1991.[3] The jury's verdict that Plaintiff did not own a trademark in the words "American Seed" is not inconsistent with the evidence presented at trial.

Finally, we note that Plantation maintains that the jury's verdict, as well as its actions before rendering the verdict establish that the jury was confused, warranting a new trial. We initially note that we are in agreement with Defendant that Plaintiff did not object to this Court's instructions to the jury that: (1) more deliberations were necessary when at approximately 3:00 p.m. on Wednesday, May 11, 2005 the jury informed the Court that it could not reach a unanimous verdict; and (2) that if it did not reach a verdict at the conclusion of deliberations on Wednesday, May 11, 2005, that the jury would need to return for deliberations on

---

[3] As a result of this determination we need not reach the issue of whether Plantation acquired trademark rights when it purchased the American Seed Corporation, and thus decline to delve into the question of whether Plantation purchased the mark "American Seed" from American Seed Corporation.

Friday, May 13, 2005.  Accordingly, Plantation did not appropriately preserve

these objections for appeal.  Werts v. Vaughn, 228 F.3d 178, 194 (3d Cir.

2000)("Pennsylvania law ... provides that failure to preserve an issue for appeal

results in the denial of review on appeal.").

Assuming, *arguendo* that Plantation did properly preserve such objections,

we do not find jury confusion regarding the jury's question concerning Golden

Valley Seed's ownership of the mark AS American Seed and whether such

ownership affected the parties.  We agree with Defendant that it was in fact astute

of the jury to consider the agreement between Plantation and Golden Valley Seed

in its deliberations, as it was clearly relevant to the issue of secondary meaning.

Second, Plantation's contention that the jury was uncertain and confused as after

appropriately two hours into its deliberations the jury stated to the Court that it

could not reach a unanimous decision, is meritless as the jury's statement does not

show that it was "hopelessly or profoundly confused" such that the Court should

grant a new trial.  As the Court noted, this was far too early in the process for a

jury to be truly deadlocked, and we did what any responsible jurist would do under

the circumstances, which was to return the jury to the deliberation room to

continue its work.  Next, we disagree with Plantation that the jury in effect rushed

to judgment because it faced the prospect of returning two days later to continue

11

deliberations. The Court's statement that the jury would have to return to deliberate on Friday, May 13, 2005 if it failed to reach a verdict on Wednesday, May 11, 2005, was merely a reiteration of the same information regarding scheduling which the Court had communicated to it on the day of jury selection and was provided as a courtesy to the jury. The conclusion that this scheduling issue compromised the integrity of the jury's deliberations is pure speculation, and in fact the jury well knew that it would be neither sitting, nor deliberating on May 12, 2005 at the start of the trial. Finally, the jury deliberation of approximately four hours was not at all disproportionate to the length of the trial, approximately two days. This was hardly, as noted, a rush to judgment.

We therefore hold that as previously noted, a new trial should not be granted as the jury's verdict was supported by substantial evidence, did not result in a miscarriage of justice, and the verdict does not "cr[y] out to be overturned or shocks the conscience." See Williamson, 926 F.2d at 1353. In addition, judgment as a matter of law is not warranted as the jury's verdict was not contrary to the weight of the evidence and there was sufficient evidence at trial from which a reasonable jury could conclude that Plantation does not own a trademark in the words "American Seed."

**B.    Motion for Award of Attorneys' Fees and Costs as a Result of Fraud on the Court**

12

In the Motion, Plaintiff's counsel moves the Court to award it attorneys' fees and costs incurred as a result of the perpetration of a fraud on the Court by Defendant American Seed Company.  In support thereof, Plaintiff asserts that it originally filed this matter in the United States District Court for the District of Massachusetts but that American Seed Company moved to dismiss the complaint, asserting that Massachusetts lacked personal jurisdiction over American Seed Company.  American Seed Company submitted Wanda Rishel's ("Ms. Rishel") Declaration to the court in Massachusetts in support of its motion, which indicated in part that American Seed Company received no revenue from sales to Massachusetts residents or entities, or otherwise from contacts with Massachusetts. "Clearly relying on Ms. Rishel's declaration, the United States District Court for the District of Massachusetts transferred this case to this Court."  (Pl.'s Mot. Attn. Fees at 2).

Moreover, Plaintiff contends that the evidence at trial clearly established that Ms. Rishel's sworn statements within her Declaration are false and that American Seed Company's own customer list, as of May 2004, lists the name and address of twenty-two American Seed Company customers from Massachusetts.  Id.  In that vein, Plaintiff also argues that American Seed Company compiled an itemization showing that it has sold vegetable seeds in Massachusetts since 1997.  Plaintiff

13

therefore asserts that Ms. Rischel falsified her Declaration in order to effectuate the transfer of this case from Massachusetts to this Court and that the court in Massachusetts relied upon the aforestated Declaration in transferring the action to this Court.

In response, Defendant argues that it did not perpetrate a fraud on the court as Ms. Rishel's Declaration was truthful and accurate, to the best of her belief and knowledge.  (Def.'s Br. Opp. Pl.'s Mot. Attn. Fees at 4-6).  Second, Defendant maintains that the submission of the Declaration did not affect the integrity of the normal process of adjudication.  Id. at 6-10.  Third, Defendant maintains that it is inappropriate for Plantation's Motion to be filed post trial as the appropriate time for the Motion was upon receipt and review of the list on May 6, 2004.  Id. at 10-11.  Finally, Defendant contends that it is inappropriate for this Court to award attorneys' fees and costs based solely on post-trial motions and briefs as a comprehensive review of all facts surrounding the submission of the Declaration is required before granting such relief.  Id. at 12-13.

We initially note that the Third Circuit Court of Appeals recently addressed the parameters under which a movant may seek relief for a fraud on the court in Herring v. United States, 424 F.3d 384 (3d Cir. Sept. 22, 2005).  In Herring, the Third Circuit made clear that actions for fraud upon the court are so rare that the

Court did not previously have the occasion to articulate a legal definition of the concept.  The Third Circuit then proceeded to address the standard implemented to prove that a fraud on the court occurred.

> In order to meet the necessarily demanding standard for proof of fraud upon the court we conclude that there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court.

Id. at 386.[4]  The Third Circuit additionally explained that "a determination of fraud on the court may be justified only by 'the most egregious misconduct directed to the court itself,' and that it 'must be supported by clear, unequivocal and convincing evidence.'"  Id. at 386-7.

After a thorough review of the record, we conclude that Plantation has failed to establish that an intentional fraud has been committed "by an officer of the court" pursuant to the Herring standard for the reasons that follow.

In Herring and in a subsequent recent decision issued by the United States District Court for the Eastern District of Pennsylvania, which directly cites to Herring with regard to the fraud on the court issue, Burke v. United States, 2005

---

[4] We note that Plantation's Motion is not a formal motion for relief from judgment or order pursuant to Fed.R.Civ.P. 60(b).  We find it incumbent upon the Court to state, as did the Third Circuit Court of Appeals in Herring, that we are not here reviewing a Rule 60(b) motion. "It follows that an independent action alleging fraud upon the court is completely different from a motion under Rule 60(b)."  Herring, 424 F.3d at 389.  Accordingly, we will follow the parameters as set forth by the Third Circuit in Herring under which a movant may seek relief for an alleged fraud on the court.

15

U.S. Dist. LEXIS 25908, at *13 (E.D. Pa. Oct. 28, 2005), such courts

unequivocally indicated that the fraud at issue must be attributed to an officer of

the court.  In <u>Burke</u>, Judge Yohn of the Eastern District explained that while

<u>Herring</u> did not specifically delineate the officials that fall within the officer of the

court rubric, it made clear that attorneys are included. "Overall, it seems that only

individuals who are intimately associated with the operation of the court may be

recognized as officers of the court."  <u>Id.</u> at *13; <u>see also</u> <u>Cammer v. United States</u>,

350 U.S. 399, 405 (1956) (noting that officer of the court, "within the ordinary

meaning of that term" describes only "marshals, bailiffs, court clerks [and]

judges").

        In the case <u>sub judice</u>, Plaintiff argues strenuously that Ms. Rishel, one of

American Seed Company's principals, falsified a Declaration signed under oath to

effectuate the transfer of this case from Massachusetts to this Court.  Ms. Rishel, a

party Defendant and principal of American Seed Company, is clearly not an officer

of the Court pursuant to established caselaw.  Accordingly, Plantation has failed to

establish that an intentional fraud has been committed "by an officer of the court"

pursuant to the <u>Herring</u> standard employed to determine if a fraud on the court

occurred.

        In addition, even assuming *arguendo* that the Court determined Ms. Rishel's

Declaration to be false, we find it noteworthy that such perjury does not in itself

constitute a fraud on the court.  As Defendant accurately submits, it is well-

established that perjury by a witness is insufficient to constitute fraud upon the

court.  See, e.g., Herring, 424 F.3d at 390 (citing Geo. P. Reintjes Co. v. Riley

Stoker Corp., 71 F.3d 44, 49 (1st Cir. 1995) ("The possibility of perjury, even

concerted, is a common hazard of the adversary process with which litigants are

equipped to deal through discovery and cross-examination, and, where warranted,

motion for relief from judgment to the presiding court.  Were mere perjury

sufficient to override the considerable value of finality after the statutory time

period for motions on account of fraud has expired, it would upend [Rule 60's]

careful balance.")).  Finally, as referenced in Defendant's submissions and as

addressed by the Court in argument held on September 20, 2005, the District Court

of Massachusetts ordered that the instant case be transferred to this Court "for the

reasons set forth in open Court" without setting forth its reasoning which led to

such transfer.  (Def.'s Br. Opp. Pl.'s Mot. Attn. Fees at Ex. B).  It is inappropriate

at this juncture and indeed it would be pure speculation for this Court to attempt to

determine upon what basis the District Court of Massachusetts transferred this

case.  The District Court of Massachusetts could have relied upon any one or a

combination of the statements in Ms. Rishel's Declaration and/or upon a variety of

factors to be considered in determining whether to transfer the case; however, the Court is not privy to the precise impetus leading to the transfer of the case <u>sub judice</u>.[5]

### C.   <u>Conclusion</u>

Plantation is unable to satisfy the difficult standard required to upset the finality of a judgment.  <u>See</u> <u>Herring</u>, 424 F.3d at 386.  As a result, we find no reason to disturb the jury's verdict as entered on May 13, 2005, nor do we believe that a new trial is warranted. Plantation's Motion for Award of Attorneys Fees and Costs as a Result of a Fraud on the Court is likewise denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.   Plaintiff's Motion for New Trial (doc. 103) is **DENIED.**

2.   Plaintiff's Motion for Judgment as a Matter of Law (doc. 102) is **DENIED.**

3.   Plaintiff's Motion for Award of Attorneys' Fees and Costs as a Result of Fraud on the Court (doc. 104) is **DENIED.**

---

[5] Again, even assuming *arguendo* that the Court determined Ms. Rishel's Declaration to be false, an issue we need not reach for the reasons stated herein, it appears that the Declaration in fact would have effectuated a fraud on the court in *Massachusetts*, if the Massachusetts court so relied in transferring the case to this Court, and not on this Court.

s/ John E. Jones III
John E. Jones III
United States District Judge